IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:09CR-37 |
| | § | |
| DESHARD LARAE STARKS | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 9, 2012, alleging that the Defendant, Deshard Larae Starks, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on December 17, 2009, before the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of felon in possession of a firearm, a class C felony. This offense carries a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, was 27 to 33 months. The Defendant was sentenced to 33 months' imprisonment followed by 3 years of supervised release subject to the standard

conditions of release, plus special conditions to include: financial disclosure; drug aftercare, and a $100 special assessment.

## II.  The Period of Supervision

The Defendant completed his period of imprisonment on August 11, 2011, and began his term of supervised release.  On November 4, 2011, the Defendant's conditions of supervision were modified to include residence in a residential reentry center or similar facility for a period not to exceed 180 days to commence immediately.  On March 13, 2012, the Defendant's supervision was revoked, and he was subsequently sentenced to 8 months' imprisonment followed by 28 months of supervised release.  He began service of this subsequent term of supervised release on August 3, 2012.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on October 9, 2012, alleging one violation: the Defendant was unsuccessfully discharged from the Leidel Sanction Center in Houston, Texas on September 28, 2012 in violation of his special condition that he reside in a residential reentry center for a period of 180 days.

## IV.  Proceedings

On November 7, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the one

allegation, which asserted that he violated a special condition of supervised release, to wit: "The Defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eight (8) months' imprisonment with no term of supervised release to be imposed after release. Such term of imprisonment shall include the 130 days of unserved community confinement from the Leidel Sanction Center.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years. However, because the Defendant's original term of supervision was revoked and he was previously sentenced to an 8 month imprisonment term, the maximum imprisonment term is 16 months.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to successfully complete his 180 day residence in the Leidel Sanction Center, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may

(A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment is more than 6 months but not more than ten months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(c)(3), indicates in the case of revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. On August 9, 2012, as part of his court-ordered conditions of supervised release, the Defendant reported for a 180-day placement at the Leidel Sanction Center. On September 28, 2012, the Defendant was unsuccessfully discharged from this facility. As such, the Defendant should be sentenced to an additional 130 days of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to successfully complete his 180 day residence in the Leidel Sanction Center. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. Policy guidelines suggest 7 to 13 months' imprisonment. The Defendant repeatedly

did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to successfully complete his 180 day residence in the Leidel Sanction Center.

As such, incarceration appropriately address the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eight (8) months' imprisonment. Such term of imprisonment shall include the 130 days of unserved community confinement from the Leidel Sanction Center. The undersigned finds this variance appropriate under the above factors due to the agreement by the Government and the Defendant's acceptance of responsibility in pleading true to allegation that he violated a condition of his supervision.

### VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to successfully complete his 180 day residence in the Leidel Sanction Center.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of eight (8) months with no supervised release to follow. Such term of imprisonment shall include the 130 days of unserved community confinement from the Leidel Sanction Center.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report.

The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 7th day of November, 2012.

_____
Zack Hawthorn
United States Magistrate Judge